UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS JENNINGS

                               Plaintiff,      **AMENDED COMPLAINT**
                                                         **AND JURY DEMAND**

     -against-                                             **14-CV-6377**

THE CITY OF NEW YORK;
Police Officer ANDREW YURKIW Shield No. 13610,
Police Officer JOSEPH SOLOMITO Shield No. 14389,
Police Officer AMBER LAGRANDIER Shield No. 5373,
Sergeant SHAUN BROWN Shield No. 875,
in their individual and official capacities as employees
of the City of New York,

                    Defendants.
------------------------------------------------------------------X

The Plaintiff, THOMAS JENNINGS, by his attorney, Amy Rameau, Esq., alleges the following, upon information and belief for this Complaint:

**INTRODUCTION**

1.  This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

2.  It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

**JURISDICTION**

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

**VENUE**

7. Under 28 U.S.C. § 1391(b) and (c), venue is proper in the Eastern District of New York.

**PARTIES**

8. Plaintiff was at all material times a resident of the City of New York, and of proper age to commence this lawsuit.

9. Defendant officers were at all times relevant to this complaint duly appointed officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

10. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws,

statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. The City was at all material times the public employer of defendant officers named herein.

12. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

13. Plaintiff is a twenty-three-year-old African-American male.

14. On or about April 23, 2014, plaintiff arrived at 1560 Fulton Street to pick up his minor child, Levi Jennings, pursuant to a lawful Kings County Family Court order.

15. The child's mother, Daquanna Henry, called 911 officers and instructed defendant officers to arrest plaintiff for violating a criminal court order of protection.

16. Ms. Henry was present in the Kings County Family Court when the order she directed defendant officers to was modified to allow plaintiff to pick up his child from the mother.

17. Plaintiff gave defendant officers the Family Court's modified order showing that he was lawfully present to pick up his child from Ms. Henry.

18. Defendant officers ignored the lawfully entered Kings County Family Court order and attacked plaintiff.

19. Defendant officers tackled, kicked and punched plaintiff, causing plaintiff to suffer a broken nose, cuts, abrasions, strains, sprains, and other physical injuries.

20. Defendant officers caused plaintiff additional emotional and psychological injuries.

21. At no time during any of the events described above was plaintiff intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly.

22. Plaintiff did not commit any criminal offenses.

23. Defendant officers arrested plaintiff and filed false criminal charges against plaintiff.

24. All charges filed against plaintiff by defendant officers were dismissed.

25. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal cause or excuse to seize and/or detain the person of plaintiff for transport.

26. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

27. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

   i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and;

   ii. Loss of his physical liberty;

   iii. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

iv. Freedom from the unreasonable seizure of his person;

v. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT ONE
### 42 U.S.C. § 1983
### False Arrest/False Imprisonment/Malicious Prosecution
### Against Individual Defendants

28. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

29. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant officers for violation of his constitutional rights under color of law.

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

## COUNT TWO
### Assault and Battery
### Against Individual Defendants

31. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

32. Defendant officers assaulted and battered plaintiff.

33. As a direct and proximate result of this assault and battery, plaintiff suffered the damages herein alleged.

## COUNT THREE
### False Arrest and Illegal Imprisonment
### Against Individual Defendants

34. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

35. By their conduct, as described herein, the individual defendant officers are liable to plaintiff for falsely arresting and falsely imprisoning plaintiff.

36. Plaintiff was conscious of the confinement.

37. Plaintiff did not consent to the confinement.

38. Plaintiff's confinement was not otherwise privileged.

## COUNT FOUR
## 42 U.S.C. § 1983
## Excessive Use of Force
## Against Individual Defendants

39. The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

40. The conduct and actions of defendants acting under color of law and under their authority as New York City police officers was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

## COUNT FIVE
## 42 U.S.C. § 1983
## Against Defendant City

42. The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

43. Prior to the date of the incident alleged herein, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York, which caused the violation of plaintiff's rights.

44. It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of widespread, systemic police misconduct, and such acts of misconduct have instead been allowed by the City of New York.

45. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of New York did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

46. The effects of any in-service training and re-training of officers known to have engaged in police misconduct were wholly negated by the rampant culture of misconduct and impunity sanctioned by the command structure of the New York City Police Department and City of New York.

47. As a result of the above described policies and customs, police officers of the City of New York, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be allowed.

48. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

## COUNT SIX
### Respondeat Superior Liability
### Against the City of New York

49. The plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

50. The conduct of defendant officers occurred while they were on duty, under the color of law, in and during the course and scope of their official duties and functions as duly sworn New York City police officers, and while they were acting as agents and employees of the City of New York and the NYPD, and as a result the defendants City of New York and the NYPD are liable to the plaintiff pursuant to the doctrine of respondeat superior.

51. As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

## COUNT SEVEN
### Negligent hiring/Training/Retention of Employment Services
### Against Defendant City

52. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

53. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to

plaintiff or to those in a like situation would probably result from the foregoing conduct.

54. Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

55. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were potentially dangerous.

56. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED: April 21, 2014
       Brooklyn, New York

                                  THE PLAINTIFF,
                                  BY

                                  _____
                                  Amy Rameau, Esq.
                                  16 Court Street, Suite 2504
                                  Brooklyn, New York 11241
                                  Phone: (718) 887-5536
                                  Fax:    (718) 875-5440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THOMAS JENNINGS,

                          Plaintiff,                    **AMENDED   COMPLAINT**
                                                                **AND   JURY DEMAND**
                                                                          **14-CV-6377**

       -against-

THE CITY OF NEW YORK;
Police Officer ANDREW YURKIW Shield No. 13610,
Police Officer JOSEPH SOLOMITO Shield No. 14389,
Police Officer AMBER LAGRANDIER Shield No. 5373,
Sergeant SHAUN BROWN Shield No. 875,
in their individual and official capacities as employees
of the City of New York,

                        Defendants.

-------------------------------------------------------------------------X


_____
Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 887-5536
Fax:   (718) 875-5440