# THE RAMEAU LAW FIRM

16 Court Street, Suite 2504
Brooklyn, NY 11241

AMY RAMEAU, ESQ.*                                    *Admitted in New York, New Jersey,
                                              Eastern and Southern Districts of New York

AFSAAN SALEEM, ESQ.+                                         +Admitted in New York,
                                              Eastern and Southern Districts of New York

                                                              +Admitted in New York
JOSEPH RUSSO, ESQ.+                                   Eastern District of New York


June 17, 2016

**BY ECF**
Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:  **Thomas Jennings v. City, et. al.**, 14 CV 6377 (SLT)(SMG)

Your Honor:

    I represent the plaintiff in the above-entitled action.  I write to oppose defendants' request for a pre-motion conference to move for partial summary judgment and to serve plaintiff's response to Defendants 56.1 Statement.

    Defendants do not have a valid basis to move for summary judgment as there are issues of fact precluding it.  Plaintiff has a valid false arrest claim as defendants did not have probable cause to arrest plaintiff because the Order of Protection upon which defendants arrested plaintiff was superseded and modified by a Family Court order.

    The Order of Protection itself mentions that it is "subject to any Supreme or Family Court order regarding custody and visitation." Accordingly, as Mr. Jennings informed the officers at the scene and showed them the Family Court order which effectively modified the pre-existing Criminal Court order, there remains a viable false arrest claim. The officers arrested plaintiff without a valid basis.  Having failed to even review the Family Court order to see that it modified the Order of Protection defendants cannot now claim their actions are shielded by qualified immunity.  Qualified immunity would only apply if reasonable officers could disagree when confronted with all the facts in this case. Since the defendants refused to get all the facts before making the decision to arrest plaintiff they should not get the benefit of the privilege.

Tel: (718) 852-4759
     (718) 875-1173
Fax: (718) 875-5440

therameaulawfirm.com

THE RAMEAU LAW FIRM
16 Court Street, Suite 2504
Brooklyn, NY 11241

  Defendants' do not present valid arguments as to why plaintiff's malicious prosecution claim fails. The officers in this case initiated the prosecution satisfying the first prong of this claim. "Where the defendant in a malicious prosecution action is a police officer, 'courts have found a triable issue of fact as to the initiation element where the defendant-officer brought formal charges and had the person arraigned, filled out complaining and corroborating affidavits, swore to and signed a felony complaint, or created false information and forwarded it to prosecutors.' *Espada v. Schneider,* 522 F.Supp.2d 544, 553 (S.D.N.Y.2007); *see also Llerando–Phipps v. City of New York,* 390 F.Supp.2d 372, 382–83 (S.D.N.Y.2005)." Alcantara v. City of New York, 646 F. Supp. 2d 449, 457-58 (S.D.N.Y. 2009). "*Jouthe v. City of New York,* No. 05–1374, 2009 WL 701110, at *11 (E.D.N.Y. Mar. 10, 2009) ('A police officer may also be held liable for malicious prosecution if he provides false information to the prosecutor that influences a decision whether to prosecute.') (internal quotation marks omitted)." Id. at 458. Plaintiff disputes as stated above that defendants had probable cause to arrest and prosecute.

  Defendants also claim that plaintiff cannot prove actual malice which is another prong of the malicious prosecution claim. "Though actual malice and probable cause are separate elements of the claim, a lack of probable cause in this case, given the allegations, will allow the jury to infer actual malice. *Martin v. City of Albany,* 42 N.Y.2d 13, 17, 396 N.Y.S.2d 612, 364 N.E.2d 1304 (1977) (collecting cases). "Defendants cannot be found to have acted with malice without further pleading that they lacked probable cause." King v. City of New York, No. 12-CV-2344 NGG RER, 2013 WL 2285197, at *7 (E.D.N.Y. May 23, 2013).

  Plaintiff concedes that he has not established a Monell violation and will withdraw that claim. As to plaintiff's state law claims they are valid as plaintiff filed a valid and timely Notice of Claim (see annexed). Accordingly, as plaintiff can establish issues of fact for all of the remaining claims, plaintiff asserts that defendants have not established that they will succeed in prevailing on a motion for partial summary judgment.

  We thank the Court for its consideration of these requests.

Sincerely,

Afsaan Saleem, Esq.

cc: Aimee Kara Lulich, Esq.