UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MATHEW JENKINS,

                Plaintiff,

     - against-                 15 CV 5889 (RJD) (RER)

CITY OF NEW YORK, and
ORLEN ZAMBRANO,

                Defendants.
-------------------------------------------------------X

# PLAINTIFF'S PROPOSED JURY CHARGE

(Adopted from charge given Jan. 10, 2018, in W*right v. Nuez*, 14 CV 6873 (RJD) (RML))

## I. INTRODUCTION

Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you as to the law that applies in this case. You have the important responsibility to judge the facts. And you alone are the judges of the facts-not the parties; not I.

## II. COURT HAS NO VIEW

I have no opinion as to how you should decide the facts of the case. Nothing I may have said or done should be taken by you as an expression of an opinion about the facts or as suggesting to you how you should decide the issues of fact. It is your function, not mine, to determine the facts.

## III.     ROLE OF THE COURT AND JURY

I remind you of your sworn obligation to follow the law as I state it. You should not single out any instruction alone as stating the law, but you should consider my instructions as a whole when you retire to deliberate.

In determining the facts, you must rely upon your own recollection of the evidence. What was said in the opening statements and closing arguments is not evidence. What I say is not evidence. It is your own independent recollection of the evidence that controls: Similarly, remember that a question put to a witness, standing alone, is not evidence. You may not consider any answer that I have directed you to disregard or that I have directed struck from the record.

The rulings I have made during the trial are not indicative of my views on how you should decide the case.

In determining the facts, you must weigh and consider the evidence without regard to sympathy or prejudice for or against any party.

## IV. EVIDENCE

### A. What is Evidence

The evidence in this case has come in several forms:

- Sworn testimony of witnesses, both on direct and cross-examination.
- Exhibits that have been received in evidence

### B. Types of Evidence

There are, generally speaking, two types of evidence: direct and circumstantial. There is no distinction between the weight to be given to these two types of evidence.

Direct evidence is testimony from a witness about something he knows by virtue of his own senses – something that he has seen, felt, touched, or heard.

Circumstantial evidence is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence would be as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after several hours in the courtroom where there are no windows, you see a person come in wearing a wet raincoat and another person shaking an umbrella. Without yourselves ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court it rained outdoors.

That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

### C. Witness Credibility

It will come as no surprise to you, ladies and gentlemen, that your principal responsibility is to decide who is telling the truth as to the events in question. You are the sole judges of credibility, that is, the believability, of the witnesses and the weight their testimony deserves.

The testimony of a law enforcement officer should be considered by you just as any other evidence, and you should not give more or less weight to the testimony of a witness because he is a law enforcement officer.

You may be guided by the appearance and conduct of a witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony given. You may choose to disbelieve all or part of any witness's testimony. In making that decision, you may take into account any number of factors, including, but not limited to:

- The witness's opportunity to see, hear, and know about the events he described;
- The witness's ability to recall and describe those things;
- The witness's manner in testifying – was the witness candid and forthright, or did the witness seem as if he was hiding something, being evasive, or suspect in some way;
- How the witness's testimony on direct examination compared with how the witness testified on cross-examination;
- The reasonableness of the witness's testimony in light of all the other evidence in the case;

- Whether the witness had any possible bias, any motive to testify falsely, or any possible interest in the outcome of the trial;
- Whether the witness's testimony was contradicted by his other testimony, by what that witness said or did on a prior occasion, by the testimony of another witness, or by other evidence.

With regard to inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses, such factors may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to something important or unimportant, and whether the discrepancy results from an innocent error or intentional falsehood.

### D. Burden of Proof – Preponderance of the Evidence

In this civil action, the plaintiff, Mr. Jenkins, has the burden of proving each of the essential elements of his claim by a preponderance of the evidence. If you find that plaintiff has failed to establish his claim by a preponderance of the evidence, you must decide against him.

To establish something "by a preponderance of the evidence" means to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that after considering all of the evidence you believe that what the plaintiff is trying to prove is more likely true than not true.

If you find that the credible evidence on a given issue is evenly divided between the parties (in other words, that it is equally probable that one side is right as it is that the other side is right) or that the evidence produced by the party with the burden of proof is

outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof. That is because the party bearing the burden must prove more than just equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, Mr. Jenkins does not need to prove more than a preponderance. So long as you find that the scales tip, however slightly, in favor of Mr. Jenkins – that what he claims is more likely true than not true – he has proved the element by a preponderance of the evidence.

## V. SUBSTANTIVE LAW – LEGAL ELEMENTS

I will now instruct you as to the legal elements of Mr. Jenkins' claim. The Fourth Amendment of the United States Constitution protects individuals against the use of excessive force by law enforcement officers. In making a lawful arrest, a law enforcement officer may only use the amount of force reasonably necessary under the circumstances to make the arrest.

Mr. Jenkins claims that the defendant, Orlen Zambrano, violated his Fourth Amendment rights by using excessive force against him on October 14, 2012. The issue here is whether the defendant used excessive force against Mr. Jenkins. The defendant denies using excessive force and claims that any force used was reasonable under the circumstances.

In cases such as this, where the parties' factual contentions are disputed, you must first determine whether Orlen Zambrano committed the acts Mr. Jenkins alleges. That is, you must decide what actually happened and how much force was used. Once you have determined what actually happened, you must decide whether Mr. Jenkins has proved each of the following three elements by a preponderance of the evidence.

First, Mr. Jenkins must prove that the defendant used force against him that was objectively unreasonable in light of the facts and circumstances;

Second, Mr. Jenkins must prove that the defendant acted intentionally or recklessly;

Third, Mr. Jenkins must prove that the defendant's acts caused the injuries Mr. Jenkins complains of.

I will now explain each of these three elements in more detail.

The <u>first element</u> that plaintiff must prove by a preponderance of the evidence is that a defendant used unreasonable force against him. In determining whether a defendant used unreasonable force, you should consider all the relevant facts and circumstances that a defendant reasonably believed to be true at the time of the arrest. You should consider those facts and circumstances to decide whether there was a need to use force, as well as the relation hip between the need for force, if any, and the amount of force the defendant used.

You may take into account such factors as the nature and circumstances of the misconduct defendant alleges Mr. Jenkins was engaged in and whether Mr. Jenkins posed an immediate threat to the safety of the defendant or others. However, you do not have to determine whether a defendant could have used less force against Mr. Jenkins than he did, because a defendant only needed to act within the range of conduct identified as reasonable. These factors are only meant to assist you with your deliberations; they are not exclusive. The overall question you should ask yourselves is what amount of force would a reasonable officer have used under similar circumstances.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable law enforcement official. Not every push or shove by a law enforcement official, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. You are not to judge a defendant's conduct with the 20/20 vision of hindsight. You must allow for the fact that officers are often forced to make split-second judgements – in circumstances that are tense, uncertain, and quickly changing – about the amount of force that is necessary in a particular situation.

The test for deciding if a defendant used excessive force is one of objective reasonableness. That is, you must ask whether the defendant's actions were "objectively reasonable" in light of the facts and circumstances he dealt with. You are to make this determination without regard to the defendant's subjective, that is their own personal, intent or motivation.

The <u>second element</u> that Mr. Jenkins must prove by a preponderance of the evidence is that the defendant acted intentionally or recklessly. With regard to intent, you do not need to find that the defendant had any specific intent to deprive Mr. Jenkins of his constitutional rights to find in favor of Mr. Jenkins. Plaintiff only needs to prove that the defendant intended to do the actions that caused Mr. Jenkins' rights to be violated, or that the defendant acted recklessly in that regard. Negligence or mistakes or an accident on the part of the defendant do not violate the Fourth Amendment.

The <u>third element</u> that Mr. Wright must prove by a preponderance of the evidence is that the defendant's act or acts were a proximate cause of any injuries that Mr. Jenkins sustained. Proximate cause means there must be a sufficient causal connection between the act of the defendant and any injury or damage that the plaintiff sustained. An act is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury; that is, if the injury or damage was a reasonably foreseeable consequence of a defendant's act or acts. If an injury was a direct result of a reasonably probable consequence of the defendant's act, it was proximately caused by such act. In other words, if the defendant's act had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause.

If you find that the amount of force the defendant used was greater than a reasonable law enforcement officer would have used given the circumstances, that the defendant acted intentionally or recklessly, and that those actions caused Mr. Jenkins' injuries, Mr. Jenkins will have established his claim for excessive force. On the other hand, if you find that the force used was reasonable, or that the defendant did not act intentionally or recklessly, or that those actions did not cause Mr. Jenkins' injuries, then you should find for the defendant.

## VI. DAMAGES

### A. General Instructions

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claim for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages. You should not reach the issue of damages unless you find that the plaintiff has established liability on his claim. Also, just because I give you instructions on damages does not mean that I have any opinion about liability. It is for you alone to decide whether a defendant is liable to the plaintiff.

Should you decide that the plaintiff has proved his claim by a preponderance of the evidence, you must determine the amount of compensatory damages to award him.

### B. Compensatory Damages

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderate of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for

speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant. That is, you may not simply award actual damages for any injury suffered by plaintiff – you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that l as a violation of plaintiff s rights.

In awarding compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. You may, however, compensate the plaintiff to the extent that you find that he was further injured by the defendant's violations of his rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

    **C.**     **Punitive Damages**

Plaintiff also seeks punitive damages in this case. If plaintiff has proven by the preponderance of the evidence that the defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that Mr. Jenkins has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damage is to punish shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you find that plaintiff has clearly proven that the defendant acted so outrageously, and evidenced such a degree of malice or callousness, that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

### D. Damages: Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence according to the instructions I have given to you.

## VII. CLOSING INSTRUCTIONS

### A. Foreperson

In order for your deliberations to proceed in an orderly fashion, you should have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson. However, he is not required to do so. You may ask for a volunteer, or elect another foreperson, if necessary. The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### B. Communications with the Court

If it becomes necessary during your deliberations to communicate with me, send me a note, through the marshal. No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### C. Juror's Recollection Governs/Red-back

Your recollection governs. Nobody else's. If in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself needing further instructions on the law, you may return to the courtroom for the purpose of hearing such testimony or instructions. I suggest, however, that you try to be specific to avoid hearing testimony you do not desire to assist in your deliberations. Tell me as best you can precisely what you want to hear, and be patient because it sometimes takes a while to find

the testimony in the reporter's notes. If you want to see any exhibits, please send a note to me, and the requested exhibits will be sent in to you.

### D. Deliberations and Unanimous Verdicts

Your duty is to reach a fair conclusion from the law and the evidence. It is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper regard for the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember, in your deliberations that the dispute between the parties is, for them, no passing matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and to render a true verdict.