# LUMER LAW GROUP

Attorneys At Law

225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
WWW.LUMERLAW.COM
(212) 566-5060

June 18, 2018

**By ECF**
Hon. Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Jennings v. City of New York,
                  14 CV 6377 (SMG)

Dear Judge Gold:

        We are co-counsel for plaintiff Thomas Jennings and write to respectfully request that the Court issue an order (i) lifting the stay of execution of the judgment effective June 26, 2018, if, by the close of June 25, the defendants have not secured a bond in favor of plaintiff for the full amount of the judgment with interest, or otherwise obtained a formal promise of indemnification from a suitable source, such as the City of New York; and (ii) scheduling a *Dunton* hearing on or after June 26.

## Timing and Deadlines

        Judgment was entered in favor of plaintiff and against defendants on June 11, 2018. Pursuant to Fed. R. Civ. P. 62(a), plaintiff cannot execute on this judgment for 14 days, meaning that, absent a stay ordered by the Court, plaintiff would ordinarily be able to begin execution on June 26, 2018. On June 13, in anticipation of a letter from defense counsel that was due June 14 concerning the City's indemnification of the defendants, the Court entered a stay of execution, "pending further order of the Court.:" That order is still in place.

        On June 14, defense counsel wrote to advise that the City had not yet decided whether to indemnify the defendants. Counsel gave no indication as to when, if ever, such a decision would be forthcoming. As set forth below, the stay should be lifted, effective June 26, 2018, if the defendants are unable to either secure (i) a bond, or (ii) indemnification by the City or another reliable entity.

**LUMER LAW GROUP**

Hon. Steven M. Gold
June 18, 2018
Page -2-

## The Need for a Bond

Rule 62(b) permits a stay of execution of judgment, when it is "[o]n appropriate terms for the opposing party's security," pending disposition of motions brought under Rule 50, 52(b), 59, or 60. As the 14 day automatic stay is winding down, and the City has yet to promise to indemnify its officers, it is clear that the stay presently in place cannot continue absent a bond guaranteeing the judgment, interest, and costs and expenses.

It is plain from the construction of the statute that it is defendants' burden to seek a continuation of the temporary stay beyond June 25. It is equally evident that any such stay must be predicated on providing appropriate security for the judgment, such as a bond.

Given the posture of the case, the City's as-of-now refusal to indemnify, and the absence of any evidence that the individual defendants can readily pay on this judgment, plaintiff asks that the Court permit plaintiff to begin execution on June 26, 2018, absent the posting of a bond or other sufficiently reliable security by the close of June 25, 2018.

## *Dunton* Hearing

The City of New York's current indecisiveness regarding indemnification compels a *Dunton* hearing at which the defendants should be (i) advised of the City's current stance, and (ii) strongly advised to consult with other counsel as soon as possible to determine if they require a change in representation..

It is well settled that federal district courts have the authority "to disqualify attorneys in litigation pending before them" when it is "necessary to preserve the integrity of the adversary process. . . ." *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1245-46 (2d Cir. 1979); see also, *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). Here, plaintiff is not seeking disqualification, but rather merely a hearing at which the defendants can be apprised of a conflict and given an opportunity to properly protect their interests. Plaintiff has standing to raise this issue in order to preserve the integrity of the verdict and judgment.

Disqualification may be appropriate if there is an actual conflict between the attorney and the client that will work a prejudice to the client. An "attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *United States of America v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002), citing, *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir. 1993) (internal quotation marks omitted). Where the record presents a close question as to whether disqualification would be appropriate, courts "must resolve any doubts in favor of disqualification," *Maricultura Del Norte, S. de R.L. de*

**LUMER LAW GROUP**

Hon. Steven M. Gold
June 18, 2018
Page -3-

*C. V. v. Worldbusiness Capital, Inc.*, 2015 WL 1062167, at *7 (S.D.N.Y. Mar. 9, 2015) (citation omitted). In the leading Second Circuit case on dual representation in the Section 1983 context, the Court observed that an "imminent threat of a serious conflict" would warrant disqualification of counsel prior to the commencement of the proceedings. *Dunton v. County of Suffolk*, 729 F.2d 903, 907 amended, 748 F.2d 69 (2d Cir.1984).

      Here, the City of New York, through it's house counsel, the Law Department, has at all times handled the defendants' defense. We are unaware of any investigation into the underlying incident by NYPD's IAB, or any other agency, and certainly no finding of wrongdoing ever issued against the officers prior to this trial. Yet, the City of New York is now equivocating with respect to indemnification, if not outright abandoning its officers, leaving them to dangle as the sole judgment-debtors for a multi-million dollar verdict.

      The officers have the right to pursue indemnification from the City on various grounds, including N.Y. Gen. Mun. L. §50-k. Ordinarily, where the City declines to indemnify its officers, those defendants retain other counsel and assert cross-claims against the City of New York for indemnification. No such cross-claims could have been asserted here, given the City's agreement to handle the defense. It is now essential that the defendants be advised of the severe pecuniary dangers they are facing, and the importance of a neutral opinion from a lawyer not behold to the City of New York.

      This is particularly true given the late hour in the litigation. Decisions need to be made as to post-trial motion practice or the taking of an appeal. If defendants are going to challenge the verdict or the judgment based on their current counsel's divided loyalties, such actions must be undertaken promptly. Put simply, each individual defendant is entitled to know that the employer is considering sticking them with the judgment, and to seek legal guidance from an attorney dedicated to advocating and protecting his or her interests.

      Thank you for your consideration.

Respectfully submitted,

Michael Lumer

cc: All counsel of record (By ECF)