# LUMER LAW GROUP

Attorneys At Law

225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
WWW.LUMERLAW.COM
(212) 566-5060

July 11, 2018

**By ECF**

Hon. Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Jennings v. City of New York,
               14 CV 6377 (SMG)

Dear Judge Gold:

      We are co-counsel for plaintiff Thomas Jennings and write to respectfully request that the Court modify it's order of June 25, 2018, to (i) require that defendants obtain a bond in the amount of $3,000,000, with interest at a rate of 2.31%, or otherwise (ii) vacate the stay currently in place.

**Relevant Background**

      On June 1, 2018, the jury returned a verdict against the three defendants and in favor of plaintiff for $3,000,000. The jury awarded $500,000 for compensatory damages and $2,500,000 for punitive damages. The defendants then sought a stay of entry of judgment, pending their anticipated post-trial motion practice, which plaintiff opposed.

      On June 11 the Court ordered, in relevant part, that the City state by June 14 whether it would be indemnifying the individual defendants. If not, plaintiff was to advise no later than June 18 as to whether a bond should be posted pursuant to Fed. R. Civ. P. 62(b). Pursuant to the this order, the Court also denied defendants' motion to stay entry and judgment was entered later that same day.

      On June 14, the City wrote to advise that it had not yet determined whether it would indemnify the defendants. No indication was given as to when any such decision might be made. Accordingly, on June 18, consistent with plaintiff's position during the June 11 conference, plaintiff asked the Court to condition any continued stay of collection on the

judgment beyond the 14 days provided by the rule on the posting of a bond or the City's guarantee of indemnification.[1]

On June 22, the Court held a conference to address these issues, during which the Court ordered that the stay would remain in place provided that defendants posted a bond of $500,000 by June 25. No briefing had been submitted by any of the parties as to the proper amount of the bond and plaintiff objected contemporaneously to defendants being required to post a bond limited to the compensatory damages rather than the entire judgment. The Court agreed that plaintiff could move for a modification of the Court's order in this respect. The Court subsequently endorsed a briefing schedule for the instant motion. This motion follows.

## A Bond Is Appropriate Security

Rule 62(b) permits a stay of execution of judgment, when it is "[o]n appropriate terms for the opposing party's security," pending disposition of motions brought under Rule 50, 52(b), 59, or 60. Ordinarily, that security takes the form of a bond. Here, plaintiff agreed that municipal indemnification would serve as a reasonable substitute for a bond. However, the City has declined to issue that guarantee; instead promising at the June 22 conference to post whatever bond was required on behalf of the individual defendants. Plaintiff respectfully suggests that the Court's *sua spone* decision at that time to require a bond only in the amount of the compensatory damages was incorrect and prejudicial to plaintiff. Rather, the defendants ought to be required to post a bond that would cover the full amount of the judgment, and the interest that has been accruing since June 11, 2018.

## The Amount of the Bond

There is no legal or rational basis for deliberately allowing the judgment-debtor to stay this action without securing the entire amount of the judgment. Here, the Court has required a bond in the amount of just one-sixth of the judgment predicated on the Court's view that compensatory and punitive damages serve different purposes, and thus plaintiff's interest in the judgment can only be understood as a singular interest in a unified judgment.

To be sure, there is a dearth of case law in this Circuit as to the precise meaning of the phrase "appropriate terms" as used in the post-trial, pre-appeal setting contemplated by Rule 62(b). However, it is clear that "Rule 62(b) is intended to preserve the status quo while protecting the prevailing party's interest in the judgment." *Romero v. Helmerich & Payne Int'l Drilling Co.*, 2017 WL 5900361, at *8 (D. Colo. Nov. 30, 2017) (quoting *Gen. Steel Domestic Sales, LLC v. Chumley*, 2013 WL 2634640, at *1 (D. Colo. June 12, 2013) (citing *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the

---

[1] Plaintiff also sought a *Dunton* hearing, which was conducted on June 29, 2018.

judgment pending the disposition of certain post-trial motions...if the court provides for the security of the judgment creditor."))).  Where a court requires a bond, it has discretion to determine the value necessary to secure a stay pursuant to Rule 62(b).  *Id.* ("noting that in contrast to a stay pending appeal, courts enjoy greater discretion to determine the sum necessary to secure a stay pursuant to Rule 62(b)."). However, "[g]enerally, the bond amount equals the 'full amount of the judgment, though the district court has discretion in setting the amount.'" *Id.*, (quoting *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 1996)).

Notably, there's no suggestion in this body of law that a plaintiff's interest is divisible based on differing categories of damages or the components of the overall judgment. Viewed most simply, the successful has a singular interest in the entirety of the judgment, and the defendant has a singular obligation to satisfy the entire judgment. There are no cognizable sub-divisions to the judgment and plaintiff contends here that the Court erred by drawing these significant and consequential distinctions between compensatory and punitive damages.

In the context of a Rule 62(d) application, the appealing party is entitled to an automatic stay if the party posts a supersedeas or appeal bond in **the full amount of the judgment**. *de la Fuente v. DCI Telecommunications, Inc.*, 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (emphasis added). Where a party is seeking a stay without a bond, it is that party's burden to provide "specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." *Id.*, at 240 (citing *Palazzetti Import/Export, Inc. v. Morson*, 2002 WL 562654, *3 (S.D.N.Y.2002)).

The court weighing the application must consider, "(1) whether the [petitioner] has made a strong showing that [it] is likely to succeed on the merits [of its appeal]; (2) whether the [petitioner] will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *see also Morgan Guar. Trust Co. of New York v. Republic of Palau*, 702 F.Supp. 60, 65 (S.D.N.Y.1988) (citing *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C.Cir.1982), cert. denied, 474 U.S. 1005 (1985)), vacated on other grounds, 924 F.2d 1237 (2d Cir.1991).

Whether to grant a stay in the Rule 62(d) context without a supersedeas bond is a matter that remains within this Court's sound discretion. *Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 484–85 (S.D.N.Y. 2003)(citing *Cayuga Indian Nation v. Pataki*, 188 F.Supp. 2d 223, 254 (N.D.N.Y. 2002) ("In spite of the general requirement that a judgment debtor post a supersedeas bond in the full amount of the judgment, ... the district court, in its discretion, may use equitable principles to grant such a stay without a full bond if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would 'not unduly endanger the judgment creditor's interest in ultimate recovery.'" (citations and internal quotation marks omitted))).

   Thus, had this case proceeded past the current post-trial motion practice, the defendants would be obligated to post a bond that would cover the entirety of the judgment, or present a basis for the court to conclude filing such a bond would cause the defendants irreparable harm, while also showing that an unsecured stay would not unduly engaged the plaintiff's interest in a full and complete recovery of the judgment. There is no good reason why the defendants' obligation should be any different here, or why the plaintiff's interest in securing his judgment should be afforded less weight or concern.

   The mere fact that the defendants have chosen to engage in post-trial motion prior to taking an appeal does not substantively change the nature of the issue nor the relationship between the parties. The entire matter would be obviated if the City were to agree to indemnify. However, as defense counsel has made quite clear, the City is reserving that decision until the close of the litigation, which may well not occur until the Second Circuit eventually issues its mandate. As the judgment-creditor, Mr. Jennings has every right to either begin collecting on his judgment, or be given a reasonable guarantee in the form of a bond, or something of comparable value and reliability.

   Most importantly, the potential harm to plaintiff here is palpable. The portion of the judgment the City is least likely to pay is the award of punitive damages, as the Court itself has noted more than once. Yet, the Court has expressly stated that the one part of the judgment that defendants need not secure is the amount for punitive damages. As a result of this order, the City has posted a bond on behalf of the defendants guaranteeing payment of the compensatory damages but leaving the punitive damages award entirely unsecured. This ruling creates the epitome of an undue danger to the judgment-creditor's interest in securing his recovery, and does so without any evidence from the defendants that would justify such a drastic disturbance of the status quo.

## Conclusion

   Accordingly, plaintiff urges the Court to revise its order of June 22 and direct the defendants to post a new or modified bond for the total amount of the judgment, plus post-judgment interest at a rate of 2.31 percent, or otherwise vacate the stay.

             Respectfully submitted,

             Michael Lumer

cc:  All counsel of record (By ECF)