# LUMER LAW GROUP

Attorneys At Law

305 BROADWAY
SUITE 1400
NEW YORK, NEW YORK 10007
WWW.LUMERLAW.COM
(212) 566-5060

March 29, 2019

**By ECF**

Hon. Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Jennings v. City of New York,
                  14 CV 6377 (SMG)

Dear Judge Gold:

      We are co-counsel for plaintiff Thomas Jennings and write further to the Court's order of March 28 to articulate plaintiff's concerns and objections to certain parts of the Court's proposed charge on damages and voir dire statement.

## Damages Charge

      Plaintiff is primarily y concerned with the proposed charge on punitive damages. We are attaching as Exhibit 1 hereto plaintiff's suggested version. The bases for the material changes are discussed herein in the order they appear in the competing proposed charges.

      First, in the second paragraph, plaintiff asks that the Court instruct the jury that it "must" assume that plaintiff did not engage in the specified conduct. As the Court's current proposal reads now, the Court is merely suggesting that such an assumption is preferred, but not mandatory. However, these issues have already been explicitly resolved by the first jury at the defendants' insistence, and thus should not be left to second jury's discretion.

      Second, plaintiff objects to the Court's repeated instruction to the jury that the compensatory damages are to be evaluated as a setoff against the punitive damages. This is improper. The Court will be instructing the jury as to the limits and purposes of compensatory damages, which will make clear that the <u>only</u> purpose of compensatory

**LUMER LAW GROUP**

Hon. Steven M. Gold
March 29, 2019
Page -2-

damages is to make the plaintiff whole for those injuries he has established were proximately caused by the defendants. The jury is being told that they are to employ dispassionate common sense for the purpose calculating that limited category of damages. Put differently, whether the conduct at issue is sufficiently malevolent, extreme, or outrageous or otherwise beyond the pale as to compel that a punishment be meted out to the individual defendant, or that an award should issue to deter other, similar actors from engaging in the same conduct, is not part of the calculation, and is not supposed to be part of that calculation. Certainly, plaintiff cannot argue that wanton nature of the defendants' conduct should be considered in evaluating the compensatory damages, and thus this initial figure should not be taken into account when valuing the nature of defendants' actions.

Furthermore, the Court's express instruction invites the jury to evaluate whether the amount they are awarding for compensatory damages is sufficient to simultaneously serve the purposes of punitive damages. This is error both because, (a) as set forth above, it conflates damages meant to address a plaintiff's injuries with damages meant to address a defendant's conduct, and (b) it nullifies the first jury's findings. The first jury concluded that punitive damages were appropriate for the conduct proven at trial. Any suggestion to the second jury that they should treat the amount of the compensatory damages as implicitly punitive would blur the distinction between these distinct categories of damages and water down and diminish the second jury's determination as to an appropriate amount of punitive damages as to each plaintiff.

## Voir Dire Statement

Plaintiff has one objection to the proposed statement. As the jury is being told about the fact that plaintiff was arrested, and that plaintiff is not challenging the legality of that arrest, the jury must also be told that the charges brought against plaintiff were later dismissed.

The jury will naturally assume from the statement as currently written not only that there was probable cause to arrest plaintiff, but that plaintiff was actually guilty of one or more unspecified crimes. Given that the arrest happened in front of his son's mother's apartment door, and other, similar facts that are inextricably intertwined with the facts of this case, the jury will also most likely conclude that the charges have to do with domestic violence in some fashion. In short, that plaintiff is a wife beater. That any suggestion to this effect would be highly inflammatory is obvious.

Basic fairness and principles of equity dictate that the jury should thus be told simply that "the charges against plaintiff were later dismissed." Plaintiff proposes that this statement be placed at the conclusion of the first sentence after the Court advises the jury that the three defendants placed plaintiff under arrest, but the precise location is less

**LUMER LAW GROUP**

Hon. Steven M. Gold
March 29, 2019
Page -3-

important than the fact of its inclusion.

  Nothing further need be explained. While these facts will inevitably suggest wrongdoing on plaintiff's part, such a statement to the jury – which is factually accurate – would help minimize any improper consideration or speculation into the underlying facts of the arrest less likely. That is to say, the statement as proposed by the Court implies guilt on the part of the plaintiff. The plaintiff's proposed addition would simply address any such inference or implication. It would not be prejudicial to the defendants in any way, as it merely completes the facts and eliminates any unintended implications.

  Thank you for your consideration.

            Respectfully submitted,

            Michael Lumer

cc: All counsel of record (By ECF)