# LUMER LAW GROUP

Attorneys At Law

305 BROADWAY
SUITE 1400
NEW YORK, NEW YORK 10007
WWW.LUMERLAW.COM
(212) 566-5060

April 2, 2019

**By ECF**
Hon. Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Jennings v. City of New York,
       14 CV 6377 (SMG)**

Dear Judge Gold:

      We are co-counsel for plaintiff Thomas Jennings and write in anticipation of the closing arguments scheduled for tomorrow to request that the Court preclude defendants from challenging or disputing plaintiff's version of the force used against him by the three defendants during their arguments.

      The first jury found that the defendants were liable for using excessive force against plaintiff. By all accounts, plaintiff testified at the first trial that Andrew Yurkiw punched him twice in the face, and that the three defendants struck him repeatedly immediately thereafter. The jury flatly rejected defendants' version of events at the first trial, finding that defendants had failed to prove that plaintiff had attempted or actually: fled, resisted arrest, or struck Andrew Yurkiw.

      At this trial, plaintiff once again testified that Yurkiw, Solomito, and LaGrandier beat and struck him. There was no suggestion during plaintiff's cross-examination that plaintiff's testimony concerning the manner in which excessive force was used against was materially different than at the first trial. None of the defendants denied plaintiff's allegations concerning the manner in which they assaulted him.

      Thus, the record before the Court now, with both sides having rested, is that: (a) the defendants are liable to plaintiff for the use of excessive force, and (b) that force consisted of the initial two punches from Andrew Yurkiw, and the numerous blows from all

**LUMER LAW GROUP**

Hon. Steven M. Gold
April 2, 2019
Page -2-

three defendants that followed. There is no evidence whatsoever that the defendants did not engage in the conduct alleged by Thomas Jennings.

Accordingly, while defendants may make any reasonable argument that is grounded accurately on evidence in the record, they should not be allowed to argue, imply, suggest, or remotely hint that the jury can or should conclude that the defendants did not use the excessive force as alleged.

As the jury must conclude that excessive force was used, and there is only version of that force before the jury, which they have declined to deny or challenge, it would be wholly improper to allow any argument that these events did not occur.

Thank you for your consideration.

Respectfully submitted,

Michael Lumer

cc:   All counsel of record (By ECF)